UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Honorable Howard R. Tallman

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **JASSO B. GERMAN** ) | |
| a/k/a **GERMAN JASSO BRUNO,** ) | |
| ) | |
| **Debtor.** ) | |
| ) | **Case No. 13-26933 HRT** |
| ) | **Chapter 7** |
| **BANK OF AMERICA, N.A.,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **JASSO B. GERMAN** ) | |
| a/k/a **GERMAN JASSO BRUNO,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER ON MOTION FOR RECONSIDERATION
## AND DEBTOR'S OBJECTION AND MOTION TO QUASH

This case comes before the Court on *Debtor's Motion for Reconsideration and to Vacate Ruling and Orders Resulting from Debtor's Unattended Hearing Held on 12/10/2013* (docket #24) ("Motion to Reconsider") and on *Debtor's Objection and Motion to Quash and Deny Movant Bank of America's Motion for Relief from Stay for Lack of Standing* (docket #25) ("Motion to Quash") (collectively, the "Motions").

### I. FACTUAL BACKGROUND

The Movant, Bank of America, N.A., filed its *Motion for In Rem Relief from Automatic Stay* (docket #14) ("Motion for Relief") on November 6, 2013. The Motion for Relief concerns real property located at 21607 E. 53rd Place, Denver, Colorado (the "Property").

The Debtor claims no ownership interest in the Property. (Debtor's Schedule A). He scheduled a non-existent executory purchase contract with respect to the Property. The other party to the fictional contract is listed as "TBD." (Debtor's Schedule G). Debtor filed a pleading entitled *Debtor's Suplementals* [sic] *Answers and Acclaration* [sic] *to Trustee's Questions Presented During the Meeting of Creditors under § 341 on 11/06/2013, Objection and Request for Hearing* (docket #16) (the "Response"). This is the pleading that the Court deemed – at least in part – to be the Debtor's response to Movant's Motion for Relief. Otherwise the Court would have granted relief by default and no preliminary hearing would have been set on

ORDER ON MOTION FOR RECONSIDERATION
AND DEBTOR'S OBJECTION AND MOTION TO QUASH
Case No. 13-26933 HRT

the docket. In his Response, the Debtor explains that "The Chapter 7 trustee asked about purchase contracts or leases regarding the property listed on schedule G. I answered that I have none, that I will initiate a legal action under C.R.C.P. Rule 105 to find out who the lien holder is and settle with him (or them). The schedule G clearly indicate the nature of such purchase contract as 'TBD' or To Be Determined." The Debtor further explained that "I have been residing in uninterrupted occupancy at the listed address of 21607 E. 53rd Pl. in Denver Colorado since June of 2012 when I was invited to live in as roommate of Cipriano Lopez. . . . Up until now me and my family live and hold legal possession of this property which I will pay for to the legal lien holder."

The Court held a preliminary hearing on Movant's Motion for Relief on December 10, 2013. Movant appeared through cousel and the Debtor did not appear. The Court heard Movant's offer of proof. Following the Movant's offer of proof, the Court entered its *Order on Motion for Relief from Automatic Stay* (docket #23).

Movant purchased the Property at a Public Trustee foreclosure sale. At hearing, Movant produced a certified copy of the Public Trustee's Certificate of Purchase. It shows that on February 28, 2013, the Public Trustee for the State of Colorado, City of Denver, conducted a public sale of the Property and that the Movant was the purchaser at that sale. It shows that one Cipriano A. Lopez was the grantor of the deed of trust that was foreclosed. Movant also produced a certified copy of its Public Trustee's Confirmation Deed dated March 15, 2013, confirming its ownership of the Property. According to Debtor's Response he was an invitee of Cipriano Lopez, the prior owner of the Property, and has resided on the Property since June of 2012, prior to Movant's March 15, 2013, deed.

Movant requested *in rem* relief under 11 U.S.C. § 362(d)(4) as well as relief for cause under §§ 362(d)(1) & (d)(2). The Court found cause for relief under § 362(d)(1) in light of the fact that the Debtor's sole claim of interest is based on his possession of real property that he does not own. In addition, § 362(d)(2) provides a basis for relief. The Court cannot find that Debtor's bare possession of the Property, with no claim of ownership, can provide a basis for a finding that there is equity in the Property for the benefit of the chapter 7 estate. Certainly, there is no prospective reorganization in the context of a chapter 7 case. The Court denied *in rem* relief under § 362(d)(4) because the Property at issue here has only been involved in this single bankruptcy filing. At the conclusion of the preliminary hearing, the Court executed the Movant's proposed order lifting the automatic stay.

## II. DISCUSSION

The Debtor's Motion to Reconsider seeks reconsideration of the Court's Order granting relief to the Movant. His Motion to Quash attacks the basis of the Movant's Motion for Relief. They were both filed on the day following the Court's entry of relief in favor of the Movant.

ORDER ON MOTION FOR RECONSIDERATION
AND DEBTOR'S OBJECTION AND MOTION TO QUASH
Case No. 13-26933 HRT

The Court will consider both Motions to be in the nature of motions to alter or amend the Court's Order under FED. R. CIV. P. 59(e).[1]

"Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

In his Motion to Reconsider, the Debtor claims that he attempted to attend the preliminary hearing but was prevented from doing so because his identification consists of a Mexican passport and the courthouse security guards would not allow him to enter the courthouse. The Court interprets the Debtor's Motion to Reconsider as being based on " the need to correct clear error or prevent manifest injustice." *Id.*

While the credibility of the Debtor's claim is suspect,[2] the Court accepts it as face value for the purposes of ruling on the Debtor's Motion to Reconsider. The Court finds no clear error or manifest injustice because the factual basis for the Debtor's claim of interest in the Property is clearly established in pleadings that he has filed – under penalty of perjury – in this Court. Those pleadings as well as documents and argument presented by the Movant in its offer of proof provided the Court with a sufficient and reliable factual predicate to its Order granting relief from the stay.

The Court need not – and did not – hold that Movant's interest is superior to the Debtor's or that the Movant is entitled to evict the Debtor. The effect of the Court's Order is to allow that determination to be made in the state court. If there is some rational argument that the Debtor's status as a squatter-in-possession should prevail over the Movant's ownership interest, there is nothing to prevent the Debtor from making that argument in the state court.

The certified copy of the Movant's deed to the Property is sufficient to establish that it is a party in interest entitled to seek relief from the automatic stay. *See Miller v. Deutsche Bank National Trust Company (In re Miller)*, 666 F.3d 1255, 1262-65 (10th Cir. 2012). Moreover, the information provided to the Court by the Debtor in his various pleadings is more than sufficient

---

[1] Made applicable to this proceeding by FED. R. BANKR. P. 9023.

[2] It is not uncommon for persons to arrive at the courthouse for a hearing without identification or with an expired identification. Whenever that has happened in the past, the court security officers have phoned chambers to arrange for chambers personnel or the officers to escort the individual up to the courtroom. That did not happen here. The Debtor alleges that he was simply turned away at the courthouse door.

ORDER ON MOTION FOR RECONSIDERATION
AND DEBTOR'S OBJECTION AND MOTION TO QUASH
Case No. 13-26933 HRT

for the Court to find that he holds no interest in the Property that is beneficial to the bankruptcy estate – the chapter 7 trustee has asserted no such benefit – and that cause exists to allow the state court to settle the matter.

Debtor's Motion to Quash is based upon the Debtor's theory that he possesses "undefeated Title by perfect possession, not naked, but fully vested possessory rights" and that his rights are superior to Movant's rights which he believes were fraudulently obtained. Other than making the bald assertion that "BANA is the holder of empty and void interest or claims over a fraudulently securitized Loan, part of a fraudulent Pool of Notes or Mortgage Backed Securities that are fraudulent," the Debtor alleges no facts that raise any question concerning the genuineness Movant's recorded deed. In any case, the Court's Order granting the Movant relief from stay will give the Debtor an opportunity to test his legal theory in a forum with appropriate jurisdiction to decide his claims.

### III. CONCLUSION

The Court has reviewed the Debtor's Motions both to determine whether the Debtor alleges cause to alter or amend the Court's Order under Rule 59(e) and to determine whether the Motions contain factual assertions that require a hearing. For the purpose of ruling on the Debtor's Motions, the Court has viewed their contents in the light most favorable to the Debtor and has assumed the truth of factual assertions contained therein.[3] The Court has construed the Debtor's submissions "so as to do justice," FED. R. CIV. P. 8(e), and has given them a liberal construction in light of the Debtor's status as a *pro se* litigant. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

The Court has concluded that a hearing on the Motions would not materially advance the Courts understanding of the facts. The contents of the Debtor's Response to Movant's Motion for Relief and the Debtor's subsequent Motions have fully informed the Court as to the Debtor's legal theory and the facts upon which he bases that theory. Nothing contained in the Debtor's Response or in the Motions raises any substantive question regarding the reliability of the evidence the Court considered at the preliminary hearing and upon which it based its Order.

Therefore, it is

**ORDERED** that *Debtor's Motion for Reconsideration and to Vacate Ruling and Orders Resulting from Debtor's Unattended Hearing Held on 12/10/2013* (docket #24) is DENIED. It is further

---

[3] The Court did not interpret Debtor's claims of Movant's fraud to be factual assertions. Instead, they are legal conclusions that are unsupported by any allegations of fact.

ORDER ON MOTION FOR RECONSIDERATION
AND DEBTOR'S OBJECTION AND MOTION TO QUASH
Case No. 13-26933 HRT

**ORDERED** that *Debtor's Objection and Motion to Quash and Deny Movant Bank of America's Motion for Relief from Stay for Lack of Standing* (docket #25) is DENIED.

Dated this __18th__ day of December, 2013.

                                                    **BY THE COURT:**

                                                    Howard R. Tallman, Chief Judge
                                                    United States Bankruptcy Court